(No. 3562—

MARTIN BIANCO, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 10, 1942.*

PAUL D. PERONA, for claimant.

George F. Barrett, Attorney General; Ben F. Rails-
back, Assistant Attorney General, for respondent.

Eckert, J.

On August 8th, 1940, the claimant, Martin Bianco, was
employed by the Department of Public Works and Buildings
in the Division of Highways on State Route No. 89 about one
mile north of McNabb in Putnam County, Illinois. He was
assisting in patching concrete pavement and while lifting a
sack of cement to pour it into a measuring box, injured the
fourth finger of his left hand. Claimant continued to work
during the remainder of the day and that evening was sent by
his foreman to Dr. Perry Hartman, Jr., in Granville, Illinois.
The doctor found a dislocation of the distal phalanx of the
fourth finger of the left hand and splinted the finger. Subse-
quently x-ray pictures were taken and thereafter a minor
operation was performed upon the finger. Treatment was
continued until September 1st, 1940. Claimant lost no time
from his work.

The accident occurred the first day claimant was em-
ployed by the Department of Public Works and Buildings
and no compensation of any kind has been paid to him. The
Division of Highways, however, has paid on account of the
injury $17.50 to the Hartman Clinic at Granville, and $3.00
to St. Margaret Hospital at Spring Valley for x-rays. At the
time of the accident, claimant was employed at the rate of
50c per hour. He had no children under 16 years of age.
Employees engaged in the same capacity and at the same rate
as claimant are employed by the Division of Highways less
than 200 days a year and such employees normally work 8
hours per day.

From the record in this case, which consists of the com-
plaint, the testimony of Dr. Hartman and of the claimant,
the report of the Division of Highways, the brief of the
respondent and claimant's reply thereto, it appears that at
the time of the injury in question the claimant and respondent

were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by said Act. Furthermore, the action arose out of and in the course of the employment. It does not appear, however, that claimant is entitled to any award on account of temporary total disability.

It also appears from the record that claimant has suffered the permanent loss of the use of the distal phalanx of the fourth finger. At the rate of 50c per hour, 8 hours per day, compensation should be determined on the basis of 200 days at $4.00 per day or an annual wage of $800.00. This in turn equals an average weekly wage of $15.38. Under the provisions of the Workmen's Compensation Act, claimant is entitled for the permanent loss of the use of the distal phalanx, 50% of this average weekly wage for a period of 10 weeks, or $76.90. Since the accident occurred after July 1, 1939, the amount of compensation must be increased 10%, making a total sum of $84.60.

Award is therefore entered in favor of the claimant for the said sum of $84.60, all of which has accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30th, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.